974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
CITY OF SOUTH BEND, INDIANA and City of Mishawaka, Indiana,
Plaintiffs-Appellants,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 91-3719.
 United States Court of Appeals, Seventh Circuit.
 Argued May 28, 1992.
Sept. 2, 1992.
 
 Before CUMMINGS and POSNER, Circuit Judges, and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 In order to reduce noise, the Cities of South Bend and Mishawaka, Indiana ("the cities") passed municipal ordinances prohibiting the sounding of train whistles, horns or bells at various crossings within those cities. Consolidated Rail Corporation ("Conrail"), which operates trains within the two cities, refused to obey the cities' ordinances. As a result, the cities brought this action seeking to enjoin Conrail's trains from sounding their whistles. In defense of its refusal to obey the local ordinances, Conrail argued that the ordinances were 1) preempted by the Federal Railroad Safety Act and the Federal Noise Control Act, 2) enacted in derogation of the railroad's common law duty to sound whistles in case of emergency, and 3) an undue burden on interstate commerce.
 
 
 2
 Exercising diversity jurisdiction, the district court rejected each of the defendant's arguments. Nevertheless, that court declined to grant a permanent injunction against Conrail on the basis that the court's equitable authority should not be used to enjoin conduct that might provide greater safety. The court emphasized a 1990 Florida study conducted by the Department of Transportation's Federal Railroad Administration. That study concluded that the sounding of train whistles results in fewer railroad train crossing accidents.
 
 
 3
 We begin with a basic principle of law. Federal judges must apply the law, regardless of their own individual policy concerns. The cities of South Bend and Mishawaka enacted train-whistle-restriction ordinances founded on a policy preference for more silence and less safety. A district judge who places a higher value on safety and a lower value on silence might personally disagree with the local legislature's policy preference. But regardless of the judge's own preferences, he or she must enforce such local laws absent contrary state or federal law that prevents it from doing so. To do otherwise would permit unchecked and unlimited exercise of judicial power beyond the reach of the democratic process. Moreover, we reiterate an important understanding from our recent opinion in Walgreen Co. v. Sara Creek Property Co., 966 F.2d 273 (7th Cir.1992). When determining whether to grant a permanent rather than a temporary injunction, a district court does not consider whether the grant or denial of the permanent injunction will work irreparable harm. " 'Irreparable' in the injunction context means not rectifiable by the entry of a final judgment [citations omitted]. It has nothing to do with whether to grant a permanent injunction, which, in the usual case anyway, is the final judgment." Id. at 275. We need not say more about the lower court's ruling.
 
 
 4
 At the time that this case was litigated in the district court, an Indiana statute required trains to sound whistles when approaching intersections. However, that statute, Indiana Code § 8-6-4-1, provided for one exception. The statute expressly provided that,
 
 
 5
 "[a] city or town may regulate the sounding of a whistle or ringing of the bell only after having received the permission of the Indiana department of transportation for such regulation. The department shall grant its permission only after having determined that the ordinance, as applied to a particular crossing, will not create an undue risk of harm to the public" I.C. § 8-6-4-1.
 
 
 6
 South Bend and Mishawaka's ordinances were enacted pursuant to this exception.
 
 
 7
 However, in February 1992, after the district court's ruling in this case, the Indiana state legislature passed public law 59-1992. That law rescinded the portion of Indiana's statute which had permitted cities to pass ordinances regulating the sounding of train whistles. As a result of that amendment, which went into effect on July 1, 1992, Indiana requires train whistles to be sounded, and cities can no longer exempt themselves from that state-wide rule. The cities concede that under the Indiana law now in effect, municipalities can no longer enact such restrictive ordinances. If the cities cannot show that they are statutorily permitted to retain their previously enacted whistle-banning ordinances, their case is now moot because of the intervening change in Indiana law. At oral argument the cities were not prepared to demonstrate why their ordinances survive the amendment even though the cities must do so in order to retain a justiciable controversy. This Court permitted the parties to submit additional briefs on that question.
 
 
 8
 In their supplemental brief, the cities spend a good deal of time arguing that the statutory amendment applies prospectively, not retroactively. In particular, the cities rely on Indiana Code § 1-1-5-1, entitled "Effect of Repeal." That code section provides:
 
 
 9
 "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."
 
 
 10
 Although the cities make a strong argument that the statutory amendment does not preclude retrospective relief, their argument is inadequate because they do not seek retrospective relief such as damages. Had the cities fined Conrail for violations prior to the repeal of § 8-6-4-1(c), they might still attempt to recover those monetary penalties for violations of the then valid ordinances. But instead, the cities sought injunctive relief--relief that is prospective. Because they seek prospective relief, it is not enough for the cities to show that violations of the ordinance prior to July 1, 1992 are punishable now. Rather, the cities must show that the ordinances still prohibit trains from sounding whistles after July 1, 1992.
 
 
 11
 After examining the parties' arguments, this Court concludes that Indiana's current § 8-6-4-1 does not permit cities to prevent the sounding of train whistles. Section 8-6-4-1 requires trains to sound their whistles when approaching any crossing within Indiana. Although the former § 8-6-4-1 permitted an exception, the current statute repealed that exception and its plain language permits of no exception. Under Indiana law, statutes are to be construed in accordance with their plain language. I.C. § 1-1-1-4. The cities present no legislative history or Indiana law which would require us to read the statute in a way other than that indicated by its plain language. Moreover, common sense does not require a contrary interpretation. The history of § 8-6-4-1 shows that the statutory exception to the train-whistle requirement had been narrowed at least once before the 1992 amendment, and was repealed in 1992. Presumably these changes stem from a legislative concern for greater railroad safety. There is no reason to believe that train-whistle restrictions passed before 1992 would prove safer than restrictions which would otherwise have been passed after 1992.
 
 
 12
 In support of a reading of the statute other than its plain language, the cities point to the opinion of a South Bend state representative referred to in a local newspaper article written after oral argument in this case. The article states that the representative "believes the South Bend and Mishawaka ordinances are 'grandfathered,' a term meaning that they would stay in effect because they existed at the time the new state regulation was passed." Jack Colwell, "Bauer's Plan Aims to Quiet Train Whistles," South Bend Tribune, June 1, 1992, B1-B2. But surely the cities do not suggest that this comment qualifies as anything like legislative history or permits us to override the plain language of the statute.
 
 
 13
 In a final grasp at straws, the cities urge us to retain jurisdiction since they intend to seek state legislation that will permit South Bend and Mishawaka's ordinances to be grandfathered and thus they argue that jurisdiction would satisfy concerns of judicial economy. But under Article III of the United States Constitution, a federal court cannot exercise jurisdiction when there is no case or controversy before it. Here the cities' speculative arguments that Indiana's law is likely to change do not meet case or controversy requirements.
 
 
 14
 Therefore, the district court's ruling is vacated and the cause is dismissed as moot.